IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES HICKS, ) | |
| AIS #246241, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:07-CV-714-MHT |
| ) | [WO] |
| ) | |
| UNITED STATES POSTAL SERVICES - ) | |
| MONTGOMERY, ALABAMA, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a complaint filed by Charles Hicks ["Hicks"], a state inmate currently incarcerated at the Alexander City Community Based Work Release Facility.[1] In his complaint, Hicks asserts that the United States Postal Service via its offices in Montgomery, Alabama and Alexander City, Alabama damaged his legal mail during delivery. *Plaintiff's Complaint - Court Doc. No. 1* at 2 ("Someone [appeared to have] ... opened my mail (legal) and put Scotch tape on the back of my envelopes.... When I get the envelopes they are all mess[ed] up with tape on them.").[2] Hicks seeks monetary damages from the defendants.[3]

---

[1]The court construes the instant complaint as one seeking relief under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, *et seq*. The FTCA, in pertinent part, provides that "the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

[2]Hicks subsequently asserts that correctional officers at the Alexander City Community Based Work Release Facility are the persons actually responsible for opening his legal mail and further argues that they did so in retaliation for his filing previous civil rights complaints challenging the conditions of confinement in the Alabama Department of Corrections. *Plaintiff's Complaint - Court Doc. No. 1* at 3. On August 13,

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).[4]

## DISCUSSION

"It is, of course, 'axiomatic' under the principle of sovereign immunity 'that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir.2004) (quoting *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965 (1983)); *Means v. United States*, 176 F.3d 1376, 1378 (11th Cir. 1999) ("[S]overeign immunity bars suit against the United States [and its agencies] except to the extent it consents to be sued."). In accordance with the status conferred by the Postal Reorganization Act, 39 U.S.C. § 101 *et seq.*, "the Postal Service enjoys federal sovereign immunity absent a waiver." *Dolan v. United States Postal Serv.*, 546 U.S. 481, ----, 126 S.Ct. 1252, 1256, 163 L.Ed.2d 1079 (2006).

---

2007, Hicks filed a separate 42 U.S.C. § 1983 action, *Hicks v. Alexander City Community Based Work Release Facility*, Case No. 3:07-CV-726-WKW (M.D. Ala.), in which he seeks relief from correctional officials for their alleged improper opening of his legal mail. Thus, the instant complaint can be construed, at best, to challenge damage caused to plaintiff's mail during its transmission by the United States Postal Service.

[3]Although Hicks also seeks his release from incarceration, a civil action filed pursuant to 42 U.S.C. § 1983 is not the proper mechanism within which to challenge the constitutionality of confinement as "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks ... speedier release....." *Heck v. Humphrey,* 512 U.S. 477, 481 (1994); *Calderon v. Ashmus*, 523 U.S. 740, 746-747, 118 S.Ct. 1694, 1699 (1998) ("[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841-1842, 36 L.Ed.2d 439 (1973).").

[4]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

> Although the Postal Reorganization Act generally "waives the immunity of the Postal Service from suit by giving it the power 'to sue and be sued in its official name,'" *Flamingo Industries, supra*, at 741, 124 S.Ct. 1321 (quoting 39 U.S.C. § 401(1)), the statute also provides that the FTCA "shall apply to tort claims arising out of activities of the Postal Service," § 409(c).

*Dolan*, 546 U.S. at ----, 126 S.Ct. at 1256. The FTCA likewise waives the United States government's sovereign immunity from suit in federal courts for certain tort claims arising from the actions of its employees. *Cohen v. United States*, 151 F.3d 1338, 1340 (11th Cir. 1998); *Ochran v. United States*, 117 F.3d 495, 499 (11th Cir. 1997). However, there are several explicit exceptions to this waiver of sovereign immunity, *Cohen*, 151 F.3d at 1340, including the postal matter exception, which preserves sovereign immunity and therefore precludes government liability for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b).

In light of the foregoing, the plaintiff's claims alleging damage to his mail while in possession of the United States Postal Service are barred by sovereign immunity. Consequently, the instant claims for relief are "based on an indisputably meritless legal theory[,]" *Neitzke v. Williams*, 490 U.S. 319, 327 (1989),[5] and therefore subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). It is further

---

[5]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

ORDERED that on or before August 29, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 16th day of August, 2007.

       /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE